Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000387
31-OCT-2018
10:12 AM

NO. CAAP-15-0000387

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI,
Plaintiff-Appellee,
v.
JOSEPH TUI, JR.,
Defendant-Appellee,
and
DIRECTOR OF HEALTH, DEPARTMENT OF HEALTH, STATE OF HAWAIʻI,
Real Party-in-Interest-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NOS. 13-1-0371 AND 13-1-0556)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

This case is before us on remand from the Hawaiʻi Supreme Court. State v. Tui, 138 Hawaiʻi 462, 382 P.3d 274 (2016). This appeal arises out of a dispute regarding whether, under Hawaii Revised Statutes (HRS) chapter 704, custody of a defendant deemed unfit to proceed due to a mental disease or disorder can be transferred from the Director of Health (Director) to the Department of Public Safety (DPS) before a judicial determination that the defendant has regained fitness. The Circuit Court of the First Circuit (circuit court)[1] answered in the negative, and the Director appealed. This court dismissed

_____

[1] The Honorable Richard K. Perkins presided.

Defendant's appeal from the circuit court's order as moot because custody of the defendant had already been transferred from the Director to the DPS and the "capable of repetition, yet evading review" exception to the mootness doctrine did not apply. The supreme court vacated this court's November 9, 2015 "Order Dismissing Appeal for Lack of Appellate Jurisdiction" and remanded the case to this court for a determination on the merits.

In its order denying the Director's motion to transfer the defendant to the DPS, the circuit court order held that it "does not have the legal authority to transfer Defendant . . . until this Court finds Defendant to presently be fit." Upon appeal, the Director contends that the uncertainty as to Defendant's regained fitness to proceed necessitated a determination of whether the defendant was to remain at Hawaii State Hospital (HSH). The Director further contends that the circuit court's order was erroneous because the court did not consider whether the defendant was in need of hospital level of care in determining whether to keep defendant hospitalized at HSH. In supporting this contention, the Director offers his reading of HRS § 704-404 and 704-406.

"Interpretation of a statute is a question of law which we review _de novo_." Kikuchi v. Brown, 110 Hawai'i 204, 207, 130 P.3d 1069, 1072 (App. 2006) (internal quotation marks and citation omitted).

> When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

Ka Pa'akai O Ka'aina v. Land Use Comm'n, 94 Hawai'i 31, 41, 7 P.3d 1068, 1078 (2000) (internal quotation marks and citations omitted) (quoting Amantiad v. Odum, 90 Hawai'i 152, 160, 977 P.2d 160, 168 (1999)).

Reviewing the statutes in question in this case, we find that the circuit court did not err in its decision. The

2

Director argued that if the status of a defendant's fitness to proceed becomes in question after the defendant has once been found unfit to proceed under HRS § 704-406, then the defendant's legal status changes to that of one whose legal fitness has not yet been established and the parties should follow the procedure as provided in HRS § 704-404.[2]  Thus, the Director argued, the court has discretion to temporarily remand the defendant to DPS and should have exercised that discretion in this case because the defendant is not in need of hospital level of care and poses a danger to himself and to those around him.  We are not persuaded by this argument.

Under HRS § 704-406, once a defendant is found unfit to proceed, the court "shall commit the defendant to the custody of the director of health to be placed in an appropriate institution for detention, care, and treatment."  HRS § 704-406 (2014).  The commentary accompanying this provision explains:

> [t]he commitment [to the custody of the director of health] or conditional release of the unfit defendant does not terminate until a determination by the court, after a hearing if one is requested, that the defendant is fit to be proceeded against.

HRS § 704-406 cmt. (2014).  We find this commentary to be useful in understanding this provision and also find its substance directly applicable to the issue raised in this case.  See HRS § 701-105 (2018) ("The commentary accompanying . . . [the Hawaiʻi Penal] Code . . . may be used as an aid in understanding [its] provisions . . ., but not as evidence of legislative intent.");  see also State v. Gaylord, 78 Hawaiʻi 127, 139, 890 P.2d 1167, 1179 (1995) ("although not direct evidence of legislative intent, we look to the commentary to the Hawaiʻi Penal Code (HPC), HRS Title 37, 'as an aid in understanding' the terms of HRS § 708-

---

[2]     During the March 30, 2015 hearing on the motion to transfer defendant, Director's counsel referred to the distinction between the two legal statuses as being a "404 patient" and a "406 patient."  Counsel argues that even if a defendant is found unfit under HRS § 704-406 and becomes a "406 patient," if a three-panel examination is ordered, the defendant becomes a "404 patient" again.  Under HRS § 704-404, "in the court's discretion, when necessary the court may order the defendant to be committed to a hospital or other suitable facility for the purpose of the examination."  HRS § 704-404 (2014).

830(6)(a)."); <u>State of Hawaii v. Nobriga</u>, 56 Haw. 75, 81, 527 P.2d 1269, 1273 (1974) ("[a]lthough it is not considered evidence of legislative intent, we look to the Commentary pertaining to the presentence investigation section in the Penal Code for some understanding of what that section was designed to achieve."). Where there was no judicial determination of the defendant's fitness to proceed, the defendant should not be released from the Director's care. Therefore, we do not accept the Director's argument that when defendant's fitness is up for reevaluation, the trial court has the discretion to release him or her from the Director's custody. Indeed, the law states the opposite.[3]

Although we, like the circuit court, are sympathetic to the Director's concerns about safety, we agree with the circuit court's reading of the law and find that its denial of the Director's motion to transfer the defendant to the DPS was not erroneous.

---

[3] It is worth noting that, subsequent to the filing of this appeal, HRS § 704-406 was amended to codify the procedural process to reevaluate the fitness of a defendant who was found unfit to proceed under HRS § 704-406(3). The amendment addresses the issue at the core of the Director's appeal. Where the statute was once unclear as to the procedure to follow when ordering a reevaluation of the defendant, which the Director argues was only authorized by HRS § 704-404, the amendment explicitly provides the authority under HRS § 704-406.

Essentially, the procedure is now as follows. Once a defendant is found to be unfit to proceed, "the court shall commit the defendant to the custody of the director of health to be placed in an appropriate institution for detention, care and treatment." HRS § 704-406(1) (2018). This step of the procedure remains unchanged. However, what has now been clarified is the process for the reevaluation of fitness for a defendant who has already been found unfit. The amended provision explicitly provides the custody status of the defendant during the reevaluation period. Particularly,

> [a]fter a hearing, if a hearing is requested, if the court determines that the defendant has regained fitness to proceed, the penal proceeding shall be resumed and the *defendant shall no longer be committed to the custody of the director of health.*

HRS § 704-406(3) (2018) (emphasis added). The statutory language is now clear that it is only upon a finding that the defendant has regained fitness to proceed that the defendant may be released from the Director's custody. Until such determination, the defendant shall remain in the Director's custody.

For the foregoing reasons, we affirm the circuit court's "Order Denying Director of Health's Motion for Transfer of Defendant from the Hawaii State Hospital to the Custody of the Director of Public Safety," filed on May 5, 2015.

DATED:  Honolulu, Hawaiʻi, October 31, 2018.

On the briefs:

Debbie L. Tanakaya
for Real Party-in-Interest-
Appellant.

Nelson W.S. Goo
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5